1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

OLEG SOCOLOV,

Petitioner,

v.

STATE OF UTAH,

Respondent.

Case No. 2:20-cv-02327-GMN-EJY

**ORDER**

*Pro se* Petitioner Oleg Socolov, an immigration detainee, has filed a Petition for Writ of Habeas Corpus (ECF No. 1) seeking review of his Utah criminal conviction.[1] This habeas matter is before the Court on initial review under the Rules Governing Section 2254 Cases.[2] For the reasons stated below, Socolov's petition is dismissed without prejudice as duplicative.

## **BACKGROUND**[3]

Socolov, a native citizen of Moldova, brings the petition to challenge his 2020 conviction in the Fifth District Court for Iron County, Utah, located in Cedar City ("Utah court"). The Utah court convicted Socolov of multiple misdemeanor offenses following a bench trial. He was immediately transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security and is currently detained at the Nevada Southern Detention Center in Pahrump, Nevada. Socolov's petition alleges the "possibility of actual innocence" of the 2020 Utah conviction. (ECF No. 1 at 2.) He claims the Utah court abused its discretion by considering certain evidence and his testimony proved sabotage and self-defense. He asks this court to "review this case without exhaustion of Post-conviction [*sic*] relief," vacate

---

[1] Petitioner paid the $5.00 filing fee when filing the petition. (ECF No. 1-2.)

[2] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[3] This procedural history is derived from Socolov's allegations and exhibits in this case as well as those he filed in the earlier case: *Socolov v. State of Utah*, 2:20-cv-1881-JAD. This Court takes judicial notice of the proceedings in Socolov's earlier case. *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012).

1  his conviction, and terminate his probation.  (*Id.*)

2  **DISCUSSION**

3  Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a
4  response unless it "plainly appears" that the petitioner is not entitled to relief.  *Valdez v.*
5  *Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).  This rule requires courts to screen and dismiss
6  petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by
7  procedural defects.  *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v.*
8  *Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).  As a general matter, duplicative
9  litigation is subject to dismissal under 28 U.S.C § 1915.  *See Cato v. United States*, 70 F.3d 1103,
10  1105 n.2 (9th Cir. 1995) (affirming that duplicative litigation is "an independent ground for
11  dismissal"); *Hernandez v. Denton*, 861 F.2d 1421, 1426 (9th Cir. 1988).  In determining whether
12  a later-filed action is duplicative, the court examines "whether the causes of action and relief
13  sought, as well as the parties or privities to the action, are the same."  *Adams v. California*, 487
14  F.3d 684, 689 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880
15  (2008).  Dismissal of a duplicative lawsuit "promotes judicial economy and the comprehensive
16  disposition of litigation."  *Adams*, 487 F.3d at 692–93.

17  Court records show that Socolov filed an identical petition in an earlier case, *Socolov v.*
18  *State of Utah*, 2:20-cv-1881-JAD-DJA, and that petition is currently pending before a different
19  district judge.  The petition in this case is therefore duplicative of that already pending petition and
20  serves no legitimate purpose.  Any claims Socolov wishes to pursue regarding his Utah conviction
21  must be asserted, if at all, via the petition in Case No. 2:20-cv-1881-JAD-DJA.  The Court thus
22  dismisses the instant petition without prejudice as duplicative.

23  **IT IS THEREFORE ORDERED:**

24  1. Petitioner Oleg Socolov's Petition for Writ of Habeas Corpus (ECF No. 1) is
25  DISMISSED WITHOUT PREJUDICE as duplicative.

26  2. A certificate of appealability is DENIED, as jurists of reason would not find dismissal
27  of the petition to be debatable or wrong.

28  ///

3. The Clerk of Court is instructed to ENTER FINAL JUDGMENT, dismissing this action

   without prejudice, and CLOSE THIS CASE.

DATED:   January 20, 2021

_____

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE